[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#101)
On October 31, 2000, the pro se plaintiff, Lida Nosik filed an eight count complaint in which she alleges eight causes of action against the defendant, Lawrence P. Lemieux for fraud, negligent and intentional misrepresentation, fraudulent concealment, CUTPA, intentional and negligent infliction of emotional distress and breach of the covenant of good faith. The plaintiff alleges the following facts in the complaint. The defendant, an accountant prepared the plaintiffs individual tax returns for the years 1988 through 1990. In January 1995, the plaintiff was a defendant in a criminal case held in Danbury, Connecticut. On January 24, 1995, the defendant testified as a state's witness in the criminal case. The plaintiff alleges that as a direct result of the defendant's testimony in the criminal matter, she was convicted of larceny in the second degree under General Statutes § 53a-123. Her conviction was upheld by both the Appellate Court and Supreme Court. The plaintiff alleges that said conviction has resulted in injuries in the form of financial losses, mental anxiety, stress and pain of mind and damage to her character and reputation. On January 3, 2000, the defendant filed a motion to strike all eight counts of the plaintiffs complaint.
A motion to strike attacks the "legal sufficiency of the allegations of [the complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 58 (1998). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). On a motion to strike, "all facts well pleaded and those necessarily implied from the allegations are taken as admitted." Gazo v. Stamford, 255 Conn. 245,260, 765 A.2d 505 (2001). The defendant moves to strike all counts of the plaintiffs complaint on the grounds that the defendant's testimony, which is the gravamen of the allegations, is protected by absolute immunity. The defendant further argues that the plaintiff fails to allege sufficient facts to support her claims of intentional and negligent infliction of emotional distress, CUTPA and fraudulent concealment. In response, the plaintiff argues that acts on which her claims are based occurred outside the judicial proceeding. She alleges in her memorandum that because her claims are based upon the advice the defendant gave her outside the judicial proceeding, absolute immunity does not apply. CT Page 13016
In her complaint, however, the plaintiffs allegations are solely based upon the defendant's trial testimony. Specifically, in count one, the plaintiff alleges that the defendant's January 24, 1995 testimony was fraudulent and as a direct result of said testimony, the plaintiff was convicted of second degree larceny. She alleges financial losses and other injuries as a direct result of said testimony.
"It has been long established that there is an absolute privilege for statements made in judicial proceedings." (Citations omitted.) Peytan v.Ellis, 200 Conn. 243, 245, 510 A.2d 1337 (1986). Parties to and witnesses before judicial proceedings are afforded absolute immunity for the contents of statements they make therein. Field v. Kearns,43 Conn. App. 265, 271, 682 A.2d 148, cert. denied, 239 Conn. 942,684 A.2d 711 (1996). "The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously." Peytan v. Ellis, supra, 200 Conn. 246. Accordingly, the statements made by defendant during the plaintiffs criminal trial are protected by absolute immunity. Because the plaintiff bases her entire first count on the defendant's testimony during the trial, The Motion to Strike Count 1 is granted.
In each of the subsequent counts, the plaintiff realleges the facts in count one and adds a few statements purporting to assert different causes of action. As previously stated, these allegations are based on the defendant's trial testimony which is afforded absolute immunity. The additional statements the plaintiff makes in the remaining seven counts are legal conclusions and she does not allege any new facts. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Thus, the plaintiffs conclusory statements do not provide sufficient factual allegations to survive the motion to strike.
For the foregoing reasons, the motion to strike as to all eight counts of the plaintiffs complaint is granted.
RUSH, J.